**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JASON P. CLARK, individually,

        Plaintiff,

vs.                                            Case No. 3:14-cv-1447-J-32JRK

STOGIES CIGAR EMPORIUM & COFFEE
HOUSE, INC., a Florida corporation and
E.M.A., INC., a Florida for profit corporation,

        Defendants.

**ORDER**

This ADA accessibility case is before the Court on defendants' unopposed motions to dismiss under Rule 12(b)(1) or, alternatively, for summary judgment (Docs. 23 & 25).[1] Defendants contend that plaintiff's claims have become moot, and the Court therefore no longer has subject matter jurisdiction, because defendants have provided the relief sought in plaintiff's complaint by bringing the subject property into compliance with the ADA, and because there is no reasonable likelihood that defendants will permit the property to revert to a state of non-compliance. The Court agrees. See Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1182-84 (11th Cir. 2007) (holding that an ADA case may become moot, thereby depriving the court of subject matter jurisdiction, if defendant voluntarily provides the

---

[1] When plaintiff failed to timely respond to defendant E.M.A.'s motion, the Court issued an Order warning plaintiff that his failure to respond would result in the Court treating the motion as unopposed. See Order, Doc. 24. Defendant Stogies Cigar then filed its own motion, raising the same arguments and citing the same authorities as E.M.A. Compare Doc. 25 with Doc. 23. Plaintiff has not responded to either one and the Court deems them both to be unopposed.

injunctive relief sought by the plaintiff and demonstrates "that the allegedly wrongful [condition] could not reasonably be expected to recur"). Defendants have provided an affidavit describing the modifications and repairs, and documents from city inspectors stating that the property is now in compliance with the ADA. See Doc. 23, Exhibits A, B, C and D. Defendants represent that, having now spent money to remove architectural barriers so as to bring the property into a state of compliance, they do not intend to allow the property to revert to a state of non-compliance. As plaintiff has not responded, defendants' documentation and representations stand unchallenged. The Court therefore finds this case to be moot. See Sheely, 505 F.3d at 1182; see also Harty v. North Lauderdale Supermarket, Inc., Case No. 14-civ-62945-BLOOM/Valle, 2015 WL 4638590 (S.D. Fla. Aug. 4, 2015) (granting 12(b)(1) motion to dismiss in ADA accessibility case where defendant remedied structural barriers, and citing numerous cases for the proposition that the standard of proof required to demonstrate lack of recurrence is lessened where the remedy involves architectural barriers (as opposed to barriers created by policy or conduct)).

Accordingly, it is hereby

**ORDERED**:

Defendants' Motions to Dismiss under Rule 12(b)(1) (Docs. 23 & 25) are **GRANTED**. This case is dismissed for lack of subject matter jurisdiction because plaintiff's claims are moot. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of March, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record